UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELIZABETH MCLAUGHLIN, AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF JOHN JOSEPH MCLAUGHLIN
1355 Woodland Trace
Cumming, GA 30041

    Plaintiff,

v.                                                                                           Case No.:

HARTFORD LIFE & ANNUITY
INSURANCE COMPANY
One Hartford Plaza
Hartford, CT 06155

    Serve on Registered Agent:
    CT Corporation System
    1015 15th Street, N.W., Suite 1000
    Washington, DC 20005

and

CRISTINA CLARA VIDAL
501 Westport Avenue, Apt. # 295
Norwalk, CT 06851

    Defendants.

## COMPLAINT

Elizabeth McLaughlin, as Personal Representative of the Estate of John Joseph McLaughlin, by her counsel, Mark A. Barondess, Esq. and Michael P. Cunningham, Esq. of Funk & Bolton, P.A., files this Complaint against the Defendants, Hartford Life & Annuity Insurance Company and Cristina Clara Vidal, and as grounds therefore states as follows:

**Parties and Jurisdiction**

1. The Plaintiff, Elizabeth McLaughlin, is the Personal Representative of the Estate of John Joseph McLaughlin ("Dr. McLaughlin") and is the niece of Dr. McLaughlin. A true and correct copy of the Letters of Administration appointing Plaintiff as the personal representative of Dr. McLaughlin's Estate in the Probate Division of the Superior Court of the District of Columbia in the matter styled *In Re: The Estate of John J. McLaughlin*, No. 2016 ADM 1067, is attached hereto and incorporated by reference as Exhibit A.

2. Dr. McLaughlin was domiciled in the District of Columbia at the time of his death and at all times relevant to the Complaint.

3. Defendant, Hartford Life & Annuity Insurance Company ("Hartford") is a life insurance and annuity company engaged in the business and sale of insurance and annuities in the District of Columbia. Hartford is incorporated in the State of Connecticut and maintains its principal places of business in the State of Connecticut, but regularly transacts business within the District of Columbia. Hartford sold and issued the annuity contract that is the subject of this Complaint to Dr. McLaughlin in the District of Columbia.

4. Hartford is subject to personal jurisdiction in the District of Columbia ("the District") under the District's long-arm statute, D.C. Code § 13-423.

5. Defendant, Cristina Clara Vidal ("Ms. Vidal"), is Dr. McLaughlin's former spouse. Upon information and belief, Ms. Vidal is domiciled in the State of Connecticut and, therefore, is a citizen of the State of Connecticut.

6. Ms. Vidal is subject to personal jurisdiction in the District under the District's long-arm statute, D.C. Code § 13-423. Ms. Vidal and Dr. McLaughlin were lawfully married in

the District on June 22, 1997, and the District was the couple's matrimonial domicile. Ms. Vidal entered into a Prenuptial Agreement with Dr. McLaughlin in the District, she lived with Dr. McLaughlin in the District, she owned property in the District, and she obtained a divorce in the District. This case arises from the marital relationship as the beneficiary dispute at issue arose from Dr. McLaughlin's marriage to Ms. Vidal and their subsequent divorce. The alleged annuity rights set forth herein arose in the District.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this action is between citizens of different States and the sum or value of the matter in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper in the District because a substantial part of the events or omissions giving rise to the claim occurred in the District and, alternatively, because one or more of the Defendants are subject to the Court's personal jurisdiction in the District. *See* 28 U.S.C. § 1391.

**Facts Common to All Counts**

9. Upon information and belief, Hartford issued annuity contract no. 310104648 (the "Annuity") to Dr. McLaughlin in the District. Upon information and belief, Ms. Vidal became the designated beneficiary of the Annuity on or about March 8, 1996. Upon information and belief, the Annuity has a contract value greater than $75,000.

10. Dr. McLaughlin's marriage to Ms. Vidal ended in divorce. The separation and divorce between Dr. McLaughlin, a noted political commentator and host of the long-running television show *The McLaughlin Group*, and Ms. Vidal was acrimonious and well-documented. The Superior Court of the District of Columbia entered a Judgement of Absolute Divorce on

February 2, 2010, in the matter of *McLaughlin v. McLaughlin*, Case No. 2009 DRB 2383, dissolving the marriage between Dr. McLaughlin and Ms. Vidal.

11. The Judgment of Absolute Divorce included Findings of Fact that the parties entered into a valid and enforceable Prenuptial Agreement on June 18, 1997, and that agreement "now serves to resolve all issues between them incident to their marriage." Pursuant to the Prenuptial Agreement, Dr. McLaughlin paid to Ms. Vidal $1 million in settlement of all property rights arising from the marriage. The parties, therefore, settled any and all claims, rights, or interests in any and all marital property or rights by agreement.

12. Under the law of the District, the doctrine of implied revocation may be applied to automatically revoke a beneficiary designation naming a former spouse when there has been a divorce accompanied by a division of property.

13. The basis for the common law doctrine of implied revocation is that there has been such a change both in status and responsibility resulting from divorce as to raise the presumption of a change in intention as to prior beneficiary designations. The doctrine rests on the assumption, based upon common knowledge and experience, that it is so rare and so unusual for a divorcee to desire or intend that his former spouse derive further benefit from his property or assets, that it is not improper or unreasonable to require that such person make that extraordinary desire and intention manifest by a formal re-designation of any beneficiary. Dr. McLaughlin never re-designated Ms. Vidal as the beneficiary of the Annuity after their divorce nor would such a designation be expected given the circumstances of their divorce and the substantial settlement paid to Ms. Vidal. Any failure on the part of Dr. McLaughlin to change

the beneficiary on the Annuity away from Ms. Vidal was an obvious inadvertent omission on his part and not an intended act in any manner to ever constitute a re-designation of Ms. Vidal.

14. On August 16, 2016, Dr. McLaughlin died at his residence in the District. Dr. McLaughlin was not survived by a spouse or any children.

15. Based on the doctrine of implied revocation, the pre-divorce designation naming Ms. Vidal as a beneficiary of the Annuity was fully, completely, automatically, and irrefutably extinguished, by operation of law, upon the couple's divorce and accompanying division of property.

16. The divorce and accompanying division of property by virtue of the parties' settlement resulted in a full and complete revocation and release of any and all rights which Ms. Vidal could assert under the Annuity or under any other financial or insurance product that Dr. McLaughlin purchased or acquired through Hartford.

17. On or about February 2, 2017, the Plaintiff, as Personal Representative of the Estate of John Joseph McLaughlin, by counsel, submitted a claim for benefits under the Annuity and requested information from Hartford about the Annuity. Hartford responded, explaining that without a judicial determination it could not determine whether the beneficiary designation on file had been nullified or revoked.

18. Based on the doctrine of implied revocation, no payments should be made to Ms. Vidal (or any third parties) under the Annuity or under any other financial or insurance product that Dr. McLaughlin purchased or acquired through Hartford. The only party entitled to receive benefits under the Annuity is the Plaintiff in her capacity as the Personal Representative of the Estate of John Joseph McLaughlin.

## COUNT I

**DECLARATORY JUDGMENT**
(Against Hartford and Ms. Vidal)

19. Plaintiff incorporates by reference, as if fully stated herein, paragraphs 1 through 18 of the Complaint.

20. An actual controversy exists as to the proper beneficiary of the Annuity and whether Hartford is obligated to pay the death benefit of the Annuity to Ms. Vidal or to the Plaintiff on behalf of the Estate of John Joseph McLaughlin.

21. Plaintiff files this complaint seeking a declaration of the rights and other legal relations of the parties pursuant to 28 U.S.C. § 2201.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. An Order declaring that the Plaintiff, on behalf of the Estate of John Joseph McLaughlin, is the proper beneficiary of the Annuity;

b. An Order declaring that Hartford shall pay the Annuity's death benefit to the Plaintiff, Elizabeth McLaughlin, in her capacity as Personal Representative of the Estate of John Joseph McLaughlin;

c. An Order temporarily and preliminarily enjoining Hartford from making any payment to Ms. Vidal (or any other third party) under the Annuity that Dr. McLaughlin purchased or acquired through Hartford until such time as this Court may rule upon the merits of this action; and

d. For such other and further relief as the nature of the cause and justice may require.

## COUNT II

**DECLARATION OF ESTATE TAX APPORTIONMENT**
(Against Ms. Vidal)

22. Plaintiff incorporates by reference, as if fully stated herein, paragraphs 19 through 21 of the Complaint.

23. Alternatively, if this Court were to find that Ms. Vidal is the beneficiary of the Annuity, then Plaintiff seeks an Order declaring a fair and equitable apportionment of the applicable estate taxes in accordance with District law.

24. Dr. McLaughlin died without a will and intestate on August 16, 2016. Federal estate tax is due and payable by Dr. McLaughlin's estate within nine (9) months of Dr. McLaughlin's date of death, and District estate tax is due and payable by Dr. McLaughlin's estate within ten (10) months of Dr. McLaughlin's date of death.

25. The Annuity is an asset included in Dr. McLaughlin's gross estate for purposes of Federal and District estate taxes. Federal and District estate taxes will be owed on the value of any Annuity benefit which may be payable to Ms. Vidal.

26. When a decedent dies intestate and "whenever it appears upon any settlement of accounts or in any other appropriate action or proceeding that a person acting in a fiduciary capacity has paid an estate tax levied or assessed under the provisions of the estate tax law of the District or the United States upon or with respect to any property required to be included in the gross estate of a decedent under the provisions of either law, *the amount of the tax so paid shall be prorated among the persons interested in the estate to whom the property is or may be*

*transferred or to whom any benefit accrues.*" D.C. Code § 47-3714 [emphasis added].

27. Under District law, such "*apportionment shall be made in the proportion that the value of the property, interest, or benefit of each person bears to the total value of the property, interests, and benefits received by all persons interested in the estate*, except that in making proration each person shall have the benefit of any exemptions, deductions, and exclusions allowed by law in respect of the persons or the property passing to him or her." D.C. Code § 47-3714 [emphasis added].

28. Under District law, each recipient of assets included in Dr. McLaughlin's gross estate shall bear the estate tax due and payable to the United States and the District in proportion to the value of the property received compared to the total value of Dr. McLaughlin's gross estate.

29. Ms. Vidal and Dr. McLaughlin were divorced before Dr. McLaughlin's death and, therefore, the marital deduction is not available for any sums passing to Ms. Vidal from Dr. McLaughlin's estate.

30. If this Court finds that the Annuity is payable to Ms. Vidal and the Plaintiff has paid Federal and District estate taxes on the value of the Annuity, then fairness and equity dictate that Ms. Vidal should reimburse Dr. McLaughlin's estate in the amount of the estate tax properly apportioned and attributable to the value of the Annuity (the "Annuity Tax"). The Annuity Tax will be calculated by determining the amount of Federal and District estate taxes due with the Annuity included in the estate and subtracting the Federal and District estate taxes due as if the Annuity were not included in the estate.

31.     Plaintiff is preparing Dr. McLaughlin's Federal and District estate tax returns, which will be used to calculate the Annuity Tax that may be payable by Ms. Vidal.

**WHEREFORE**, Plaintiff respectfully requests that the Court (a) enter Judgment in favor of Plaintiff and against Ms. Vidal in the amount of the Annuity Tax, plus pre-judgment and post-judgment interest, costs, and such other and further relief as the nature of the cause and justice may require; or (b) in the alternative, enter an Order directing that the amount of the Annuity Tax be withheld from any Annuity proceeds which may become payable to Ms. Vidal and directing that the withheld funds be paid to Plaintiff, in her capacity as Personal Representative of the Estate of John Joseph McLaughlin.

Respectfully submitted,

Mark A. Barondess
D.C. Bar No. 391597
mbarondess@fblaw.com
Michael P. Cunningham
D.C. Bar No. 471832
mcunningham@fblaw.com
Funk & Bolton, P.A.
36 South Charles Street, Twelfth Floor
Baltimore, Maryland  21201-3111
410.659.7700 (telephone)
410.659.7773 (facsimile)

*Counsel for Plaintiff, Elizabeth McLaughlin, as Personal Representative of the Estate of John Joseph McLaughlin*

Dated:  March 20, 2017

19075.001: 194768